UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

SAMUEL BAILEY,

      Petitioner,

v.                                    Case No. 2:11-cv-00798

STEPHEN C. TUCKER, Administrator,
South Central Regional Jail,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On October 26, 2011, the petitioner filed an "emergency" application for habeas corpus relief (ECF No. 1), challenging disciplinary action taken against him by the Bureau of Prisons ("BOP") as a result of alleged incidents at a Residential Reentry Center ("RRC"), known as Dismas Charity. The BOP placed the petitioner in custody at the South Central Regional Jail, and then transferred him via Oklahoma to his designated place of incarceration, FCI Coleman, in Florida. The petitioner argues that the BOP violated its own procedures and denied him due process with respect to these matters.

The undersigned entered an Order to Show Cause (ECF No. 9); the respondent filed his Response (ECF No. 16), and the petitioner has filed two replies (ECF Nos. 25 and 26).

The specific acts and omissions of which the petitioner complains are as follows:

> On or about October 1-2, 2011, petitioner received a 309 incident report for noncompliance of halfway house rules. A subsequent hearing was held on or about October 2-3, in which petitioner was verbally informed that

>    the report would be sent to the BOP for a determination of guilt or innocence and then informed, in writing, of the outcome.
>    Approximately one week later, petitioner was told, once again verbally, by Ms. Blue, Head Director of Dismas Charity, that petitioner had received a loss of good time credit days. However, Mr. Bailey, as of this date, October 20th, 2011, has yet to receive any formal resolution of the stated disciplinary sanction, as required by BOP policy and minimum standard law.
>    Furthermore, Mr. Bailey disputes the findings of Ms. Blue, and requested an appeal but, to this point, has been denied his right of appeal, in violation of his 5th amendment, constitutional due process rights.
>    Petitioner's release date from the halfway house was originally October 7, 2011. His out date was changed, after the verbal sanction, to December 30, 2011, which exceeds by 30 days the maximum amount of good time that may be taken in any one year. Also note, a 309 incident report carries a maximum of 14 days loss of good time credit.
>    Additionally, on October 14, 2011, petitioner received a disciplinary report (DR) for failing to call the halfway house at a specific time. Mr. Bailey refused to sign the report. Three days later, petitioner Bailey's unsigned report was referred to counselor Shirk. Ms. Shirk then referred the same report to assistant director Mr. Sands, at which point, the DR was changed into an incident report of greater severity.
>    Although the initial DR and alleged behavior justifying the report occurred on October 14th, the greater severity incident report relating to the claimed actions of October 14th, was actually written on October 17th, in violation of the BOP's own policy which states that any incident report must be issued within 24 house of when staff becomes aware of it.
>    The dates and times of the stated incident reports are documented on the Dismas computer log, showing that staff became aware of the alleged incident in question on October 14th, at which time no report was written. Petitioner consequently received a hearing, on October 20th, pertaining to the October 17th incident report. As a result of the hearing, Mr. Bailey was shortly thereafter taken into custody and transported to the South Central Regional Jail, where he [was] housed. To date, Mr. Bailey has not received a formal, written resolution of the incident, reason for removal from the halfway house and jailed and he has once again been denied his request and right to appeal whatever apparent decision has been rendered.

(ECF No. 1, at 1-4.) In summary, the petitioner complains that he has not received written reasons for the alleged violations and is unable to exercise his appeal rights. *Id.* at 6. The petitioner contends that he should have completed his sentence on October 7, 2011. *Id.*

2

The government's Response disputes the petitioner's allegations and attaches numerous exhibits in support of its position.  (ECF No. 16.)  These documents detail the incidents comprising the alleged violation of halfway house rules, the investigations, the hearings, and the findings by the Center Discipline Committee ("CDC").  As to both incident reports, the petitioner was found to have committed the charged violations, and the CDC recommended that the Discipline Hearing Officer ("DHO") determine the appropriate sanctions.  *Id.* at 5-6, 9-10.

The sanctions imposed by the DHO as to the first incident are loss of 14 days good conduct time, forfeiture of 40 days non-vested good conduct time, 270 days loss of visiting privileges, commissary and phone privileges, 60 hours extra duty, 730 days removal from a program, and 180 days restricted to quarters.  *Id.* at 6; ECF No. 16-1 at 14.  The "Appeal Rights" section states as follows:

> The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal under the Administrative Remedy Procedure or by letter within 20 days from the date this sanction is received by the inmate.
> Date issued to inmate: 9/27/2011        Time 9:30 PM
> Action by DHO [signed] and dated 10/03/2011.

ECF No. 16-1 at 14.

The sanctions imposed by the DHO as to the second incident are loss of 13 days good conduct time, forfeiture of 30 days non-vested good conduct time, 90 days loss of visiting privileges, commissary and phone privileges, 30 hours extra duty, and 90 days restricted quarters.  *Id.* at 10; ECF No. 16-1, at 37-38.  The "Appeal Rights" contains the same language as quoted above, with the date issued to inmate as 10-18-2011, 9:55 PM.  The DHO signed and dated on October 20, 2011.

The Response asserts that the petitioner received the rights afforded by *Wolff v. McDonnell*, 418 U.S. 539 (1974), in that he received written notice of the violations, disclosure of the evidence against him, the right to confront and cross-examine the witnesses, a neutral and detached hearing body, and a written statement by the fact finders as to the evidence relied on and the reasons for the disciplinary action.  *Id.* at 11.

With respect to receipt of notice of the DHO's sanctions, the Response contends that the written notices were mailed from the Community Corrections Manager's Office, but there is no tracking log to prove receipt.  *Id.* at 13-14.

The petitioner's replies (ECF Nos. 25 and 26) urge the court to examine the facts and circumstances of the disciplinary proceedings and the underlying facts.  The court declines to do this.

The petitioner is required to exhaust his administrative remedies through all levels of the Bureau of Prisons prior to filing an application for habeas corpus relief pursuant to 28 U.S.C. § 2241.  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981).  If the petitioner wishes to file such an application, he must do so in the district of his incarceration, naming the warden as the respondent.  It appears that the petitioner may not have received the DHO's decisions promptly due to his transfer among various institutions and the respondent has no means of proving when he received them.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** as follows:

1.  The petitioner received written notice of the alleged violations;

2.  The evidence against the petitioner was disclosed to him;

3.  The petitioner was afforded his right to confront and cross-examine witnesses;

4. There is no reason to question whether the CDC was a neutral and detached hearing body;

5. The petitioner has now received written statements by the fact finders as to the evidence relied on and the reasons for the disciplinary actions;

6. The petitioner has now received the DHO's decisions as to the sanctions imposed; and

7. The petitioner has not exhausted his administrative remedies within the Bureau of Prisons.

It is respectfully **RECOMMENDED** that the date of filing this Proposed Findings and Recommendation be deemed to be the date of the decisions on the alleged violations, thus starting the appeal period of 20 days as of **January 13, 2012**, and that this action be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner, and to transmit it to counsel of record.

<u>January 13 , 2012</u>

Mary E. Stanley
United States Magistrate Judge