UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

SAMUEL BAILEY,

      Petitioner

v.                        CIVIL ACTION NO. 2:11-0798

STEPHEN C. TUCKER, Administrator,
South Central Regional Jail,

      Respondent

## MEMORANDUM OPINION AND ORDER

Pending is petitioner's application for habeas corpus relief, filed October 26, 2011, which the court treats as a request pursuant to 28 U.S.C. § 2241.

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

The petition is fully described by the magistrate judge in her PF&R. On January 13, 2012, the magistrate judge entered her PF&R recommending a number of findings culminating in dismissal of the petition without prejudice for failure to exhaust administrative remedies.

On January 30, 2012, petitioner objected. On that date, he was incarcerated at FCC Coleman in Coleman, Florida. On February 1, 2012, he was released from custody. He asserts that (1) he did not, as alleged by respondent, receive post-deprivation notice of the sanctions imposed respecting the first incident, in violation of Bureau of Prisons' ("BOP") regulations, (2) he did not receive a hearing prior to the imposition of sanctions respecting the second incident, and (3) he need not exhaust his administrative remedies inasmuch as it "would deny . . . [him] any recourse if he was to win because he is already at the end of an illegal sentence." (Objecs. at 3).

Inasmuch as petitioner has now been released from custody, his section 2241 petition is moot. See Inmates v. Owens, 561 F.2d 560, 562 (4th Cir. 1977) (stating "[T]he inmates who sought declaratory and injunctive relief relating to the five conditions of confinement complained of were no longer subjected to the alleged treatment once they were released. Accordingly, we hold that their claims for injunctive relief are moot."); see also Brian R. Means, Federal Habeas Manual § 1:72 (2011) ("Generally, claims involving adverse prison administrative actions, regardless of their possible merits, become moot once the prisoner is no longer subject to the challenged action.")(citing Owens and, additionally, Incumaa v. Ozmint, 507

F.3d 281, 286-87 (4th Cir. 2007); McAlpine v. Thompson, 187 F.3d 1213, 1216-18 (10th Cir. 1999); Scott v. District of Columbia, 139 F.3d 940, 941 (D.C. Cir. 1998); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995)).

Were that not the case, petitioner's challenges could have, and as the magistrate judge suggests should have, been addressed through the administrative appeal process. Petitioner has not sought to avail himself of that process either prior to or following receipt of notice of the sanctions imposed. That failure to exhaust would have resulted in the dismissal of his claims without prejudice.[1]

---

[1] There is yet another infirmity that need not be addressed at length in light of the mootness analysis and the failure to exhaust. Petitioner is no longer incarcerated in this district. Section 2241 provides, in pertinent part, as follows: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a) (emphasis added). The underscored language has led courts to conclude that "[t]he rule governing jurisdiction [under section 2241] naturally follows from the 'immediate custodian rule': a district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973)); Larry W. Yackle, Postconviction Remedies § 4:12 (Elec. ed. 2010) (stating that "jurisdiction under section 2241 lies not only in the district where the petitioner is physically located, but also in the district where 'a custodian responsible for the confinement is present.'") (quoted authority omitted); Brian R. Means, Federal Habeas Manual § 1:101 (Elec ed. 2010) ("A § 2241
(continued...)

Based upon a de novo review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R, except that the case is dismissed with prejudice in light of petitioner's February 1, 2012, release.  The additional recommendation respecting revival of the 20-day administrative appeal period also need not be adopted in light of the changed circumstances surrounding petitioner's custody status.

The court, accordingly, ORDERS that this action be, and it hereby is, dismissed with prejudice.

The Clerk is directed to forward copies of this written opinion and order to the petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: April 20, 2012

John T. Copenhaver, Jr.
United States District Judge

---

[1](...continued)
habeas petitioner seeking to challenge his present physical custody within the United States must file the petition in the district of confinement."). The aim in situations of this type is to permit resolution of the controversy in the district of incarceration.  See United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004).

4